IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

FILED
AUG 28 2009
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

TONI CLARK,                          )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )    Civil Action No. 1:09-cv-779
                                     )
NATIONAL CREDIT UNION                )
ADMINISTRATION,                      )
                                     )
        Defendant.                   )

## ORDER

The matter came before the Court on plaintiff's motion (Docket No. 8) to remand the case to the Circuit Court for the City of Alexandria for reasons of improper removal. In addition, defendant moved to dismiss pursuant to Rule 12(b)(1) and (6), Fed. R. Civ. P., for lack of subject matter jurisdiction and failure to state a claim. Plaintiff originally filed her complaint *pro se* in the Circuit Court of the City of Alexandria, Virginia. Defendant subsequently removed the case to this Court pursuant to 28 U.S.C. §§ 1441, 1442(a)(1), 1446, and the instant motions were filed by both parties. With respect to the dismissal motion, defendant provided plaintiff notice of the motion in accordance with Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975). Plaintiff filed an opposition brief to defendant's motion to dismiss on August 5, 2009. A hearing was held as noticed and scheduled at 10:00 am, Friday, August 28, 2009. Plaintiff did not appear in person or by counsel. For the reasons set herein, plaintiff's motion to remand was denied and defendant's motion for dismissal was granted for lack of subject matter jurisdiction.

Case 1:09-cv-00779-TSE-JFA Document 17 Filed 08/28/09 Page 2 of 5 PageID# 136

## I.

Plaintiff Toni Clark submitted applications to her credit union, the Healthcare Employees Federal Credit Union ("HEFCU"), for a loan in the amount of $2,000 and an unsecured credit card. Following denial of her application, plaintiff submitted a formal complaint to the National Credit Union Administration ("NCUA")—an independent federal agency that charters and supervises federal credit unions—on December 4, 2006, alleging HEFCU denied her application on the basis of race, color, and sex. At the NCUA's request, and in accordance with NCUA protocol for handling consumer complaints, HEFCU's supervisory committee conducted an investigation of plaintiff's allegations of discrimination, which concluded on January 11, 2007. Ultimately, as a result of this review HEFCU granted plaintiff's applications leading the NCUA to conclude that HEFCU's supervisory committee had adequately responded to plaintiff's concerns. Between August 30, 2007, and the initial filing of this judicial action on April 1, 2009, plaintiff, on numerous occasions through telephone and mail, reiterated her complaints against HEFCU to the NCUA and requested a copy of the HEFCU supervisory committee's investigative report.

Plaintiff's complaint alleges essentially two claims: (1) that the NCUA was negligent in investigating her complaint against HEFCU; and (2) that the NCUA discriminated against her "because of [her] race, color, and sex."

## II.

Plaintiff incorrectly asserts that removal of this case from the Circuit Court for the City of Alexandria, Virginia, was improper. Although plaintiff attempts to direct her allegations against

the NCUA, the negligence claim is properly construed as one against the United States arising under the Federal Tort Claims Act, 28 U.S.C. § 1346(b)(1). Specifically, because the NCUA is a federal agency created under the Federal Credit Union Act, *see id.* § 1752(a), plaintiff may only bring suit against the United States. *See id.* § 2679(a); *Hughes v. United States*, 701 F.2d 56, 58 (7th Cir. 1982). Morever, plaintiff's claim of discrimination arises under the Fifth Amendment to the Federal Constitution. Accordingly, because both claims allege violations of federal law and present federal questions, removal to this Court was proper.

### III.

Defendant correctly argues that plaintiff's claims must be dismissed for lack of subject matter jurisdiction. FTCA claims must "first [be] presented . . . to the appropriate Federal agency" and "denied by the agency in writing." 28 U.S.C. § 2675(b). In addition, presentation of the administrative claim must include a request for a "sum certain." *See id.* § 2675(b); 12 C.F.R. § 793.2(a). Plaintiff failed to meet the presentation requirement, a jurisdictional defect, *see Kokotis v. U.S. Postal Serv.*, 223 F.3d 375 (4th Cir. 2000), and accordingly plaintiff's FTCA claim must be dismissed.

Plaintiff's claim of discrimination likewise suffers from a jurisdictional defect. "'[A] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text' and 'will be strictly construed, in terms of its scope, in favor of the sovereign.'" *Gomez-Perez v. Potter*, 128 S. Ct. 1931, 1943 (2008) (quoting *Lane v. Peña*, 518 U.S. 187, 192 (1996)). While the Supreme Court has created a limited implied right of action to sue federal *officers* in their individual capacity under its decision in *Bivens v. Six Unknown Named Agents*,

403 U.S. 388 (1971), this waiver does not extend to federal *agencies*. *See FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994) (finding no *Bivens* cause of action against federal agencies for money damages); *Radin v. United States*, 699 F.2d 681 (4th Cir. 1983) ("*Bivens* . . . did not waive the sovereign immunity of the United States."). Because absence of the federal government's consent to be sued is a jurisdictional defect, *see Kuluway v. United States*, 917 F.2d 729, 733 (2d Cir. 1990); *Coastal Rehab. Servs., P.A. v. Cooper*, 255 F. Supp. 2d 556, 559 (D.S.C. 2003), plaintiff's claim must be dismissed under Rule 12(b)(1), Fed. R. Civ. P.[1]

For the reasons stated from the Bench, and for good cause,

It is hereby **ORDERED** that plaintiff's motion to remand the case to Virginia state court on grounds of improper removal to federal court is **DENIED**.

It is further **ORDERED** that defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Rule 12(b)(1), Fed. R. Civ. P., is **GRANTED**. Given this, accordingly, defendant's motion to dismiss in the alternative for failure to state a claim, pursuant to Rule 12(b)(6), Fed. R. Civ. P., is **DENIED AS MOOT**.

Should plaintiff wish to appeal, she must file a written notice of appeal with the Clerk's Office within sixty (60) days of the date of this Order. Fed. R. App. P. 4(a). A written notice of appeal is a short statement stating a desire to appeal this Order and noting the date of the Order plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the Court of Appeals.

---

[1] It should be noted that, in addition, plaintiff has not pleaded facts in her complaint that would lead to a plausible inference of discrimination. *See generally Iqbal v. Ashcroft*, 129 S. Ct. 1937 (2009).

The Clerk is directed to send a copy of this Order to all counsel of record and to the *pro se* plaintiff and to place this matter among the ended causes.

Alexandria, Virginia
August 28, 2009

/s/ T. S. Ellis, III
**T. S. Ellis, III**
**United States District Judge**